UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANABEL GARCIA-ASTUDILLO<br>    Plaintiff | : CIVIL ACTION NO.:<br>:<br>: |
| v. | :<br>: |
| NATIONAL VISION, INC. D/B/A AMERICA'S<br>BEST CONTACTS & EYEGLASSES.<br>    Defendant. | :<br>: December 16, 2022<br>: |

**NOTICE OF REMOVAL**

**TO:**   **THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF CONNECTICUT**

Defendant National Vision, Inc. d/b/a America's Best Contacts & Eyeglasses ("America's Best" or "Defendant"), hereby notices the removal of this action pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 to the United States District Court for the District of Connecticut, premised on diversity jurisdiction, as grounds for removal states the following:

**I.   TIMELINESS OF REMOVAL**

1.   On or about November 16, 2022, Plaintiff Anabel Garcia-Astudillo ("Plaintiff") served a copy of a Complaint (the "Complaint") and Summons on Defendant's agent of service, captioned *Anabel Garcia-Astudillo v. National Vision, Inc. d/b/a America's Best Contacts & Eyeglasses*, Civil. Action No. FBT-CV22-6119801-S and returnable to Connecticut Superior Court, J.D. of Bridgeport. Copies of the Summons and Complaint are attached as **Exhibit A**, as required under 28 U.S.C. § 1446(a). These are the only process, pleadings, and orders served on Defendant in this action.

2.   The first notice received by Defendant of the State Court Action occurred on or about November 16, 2022, when Plaintiff served the Complaint and Summons on Defendant's agent of service.

3.     Accordingly, Defendant is timely filing this Notice of Removal within 30 days after service of process, as required by 28 U.S.C. § 1446(b).

**II.   VENUE**

4.     The Superior Court of Connecticut, Judicial District of Bridgeport is located within the geographic coverage of the United States District Court for the District of Connecticut. 28 U.S.C. § 86. Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

**III.  BASIS FOR REMOVAL: DIVERSITY JURISDICTION**

9.     This action is properly removable under 28 U.S.C. §1441(b) because the United States District Court has original jurisdiction in this case under 28 U.S.C. §1332(a), which provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ."

**A.    AMOUNT IN CONTROVERSY**

10.    As set forth above, diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs...."

11.    In accordance with Connecticut practice, Plaintiff's Statement of Amount in Demand "requests damages 'in excess of $15,000.'" *Baron v. Maxam N. Am., Inc.*, No. 3:11-CV-198, 2012 WL 1247257, at *3 (D. Conn. April 13, 2012); Pl.'s Compl. at p. 13. Where, as here, "the pleadings are inconclusive as to the amount in controversy, courts may look outside the pleadings to other evidence in the record." *Id.* (*citing Vermande v. Hyundai Motor Am., Inc.*, 352 F.Supp.2d 195, 199 (D. Conn. 2004)).

12.    Plaintiff's Complaint contains three counts against Defendant, stating claims for: disability discrimination in violation of the Connecticut Fair Employment Practices Act

("CFEPA")(Count One); retaliation in violation of CFEPA (Count Two); wrongful termination in violation of public policy (Count Three).

13. In relation to her claims, Plaintiff seeks monetary damages, which include: compensatory damages; damages for back pay; emotional distress; lost benefits; as well as attorneys' fees and costs, and other relief. (Pl.'s Compl. ¶¶54, 64, 67 & p. 12).

14. According to the allegations in the Complaint, Plaintiff's employment with Defendant terminated on or about February 1, 2022. (Pl.'s Compl. at ¶ 43). Therefore, as of the date of the Notice of Removal, and assuming Plaintiff has not secured a new position, she has been out of work for over ten months. According to the allegations in the Complaint, Defendant hired Plaintiff as a General Manager. (Compl. at ¶ 10). Upon information and belief, Plaintiff earned approximately $62,000 annually in this position. Consequently, Plaintiff's alleged lost damages are likely at least $75,000. While Defendant does not concede or admit any damages, based on the likely date of a trial in this matter, Plaintiff's claims for back pay damages, alone, will likely exceed $75,000 if she is successful in her claims. Plaintiff also seeks damages for emotional distress, which Plaintiff has not assigned a value to but may contribute to the actual amount in controversy.

15. Finally, where attorneys' fees are potentially recoverable pursuant to statute, which is the case here, such fees may be used to satisfy the amount in controversy requirement. *See Kimm v. KCC Trading, Inc.*, No. 10-4880, 2012 WL 171503, at *1 (2d Cir. Jan. 23, 2012); Conn. Gen. Stat. § 46a-104. Given the nature of Plaintiff's claims, her attorneys' fees could exceed $75,000.00 if she is successful.

16. Plaintiff's costs and expenses are accruing and will contribute to the actual amount in controversy.

17. Accordingly, pursuant to 28 U.S.C. §1446(c)(2)(B), although Defendant does not concede or admit that Plaintiff suffered any damages, or that it is liable for any claimed damages, removal is proper based upon the preponderance of the evidence because the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

### B. DIVERSITY OF CITIZENSHIP

18. According to her Complaint, Plaintiff is a resident and citizen of the State of Connecticut. (*See* Compl. ¶ 1).

19. Defendant is a State of Georgia corporation with its principal place of business in the State of Georgia. (*See* Compl. ¶ 2). Thus, under 28 U.S.C. § 1332, Defendant is not a citizen of Connecticut.

20. Therefore, complete diversity exists between the named parties under 28 U.S.C. § 1332, as Defendant is not a citizen of the same state as Plaintiff.

## IV. CONCLUSION

20. To date, Defendant has not filed a responsive pleading in Plaintiff's state court action, and no other proceedings have transpired in that action.

21. In accordance with 28 U.S.C. § 1466, copies of this Notice of Removal will be promptly served upon counsel for all adverse parties and filed with the Clerk of the State Court. A copy of Defendant's notice of filing to the state court is attached hereto as **Exhibit B**.

22. By removing this matter, Defendant does not waive or intend to waive any defense, including but not limited to insufficiency of process and insufficiency of service of process.

**WHEREFORE**, Defendant respectfully requests that this Court take jurisdiction of this action and issue all necessary orders and process to remove it from the Superior Court of Connecticut, Judicial District of Bridgeport to the United States District Court for the District of Connecticut.

DEFENDANT,
**NATIONAL VISION, INC. D/B/A AMERICA'S BEST CONTACTS & EYEGLASSES**

By /s/ *Nicole S. Mulé*
Kelly M. Cardin (CT29162)
Nicole S. Mulé (CT30624)
Ogletree Deakins Nash, Smoak & Stewart P.C.
281 Tresser Boulevard, Suite 602
Stamford, CT 06901
Phone: 203-969-3112
Fax: 203-969-3150
kelly.cardin@ogletree.com
nicole.mule@ogletree.com

50372168.v1-Ogletree

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically through the Court's Electronic Filing System ("ECF") and email notification was sent to all parties. Parties unable to receive notifications through the Court's ECF system were sent copies by regular U.S. mail on this 16th day of December, 2022.

/s/ Nicole S. Mulé
Nicole S. Mulé